SOOF *v.* CITY OF HIGHLAND PARK

1. CONSTITUTIONAL LAW — FREE SPEECH — LICENSES — CHILLING EFFECT.

Any statute or ordinance which subjects the exercise of freedom of speech or press to a license requirement must be suspect, because of its possible chilling effect upon First Amendment rights (US Const, Am 1).

2. CONSTITUTIONAL LAW—FREE SPEECH—MOTION PICTURES—CONSTITUTIONAL PROTECTION.

Expression by means of motion pictures is included within the First Amendment guarantees of freedom of speech and press (US Const, Am 1).

---

REFERENCE FOR POINTS IN HEADNOTES

[1-8] 16 Am Jur 2d, Constitutional Law § 342 *et seq.*

3. Constitutional Law—Free Speech—Profit Motive—Constitutional Protection.

> The fact that communication is conducted in a business setting with a profit motive does not dilute its constitutional protection (US Const, Am 1).

4. Constitutional Law — Free Speech — Coin-Operated Movie Machine — Motion Pictures — Constitutional Protection.

> Coin-operated movie machines and motion picture operations are both forms of expression entitled to the mantle of First Amendment protections (US Const, Am 1).

5. Constitutional Law—First Amendment Rights—Regulation—Requirements.

> The First Amendment does not prohibit a municipality from imposing regulations under its police power; however, the regulations, to be constitutional, must have a substantial relationship to the public health, safety, morals, or welfare (US Const, Am 1).

6. Constitutional Law—First Amendment Rights—Licenses—Objective Standards.

> Licensing laws which restrict First Amendment rights without providing precise and objective standards to guide the authorities responsible for licensing the desired activity are unconstitutional (US Const, Am 1).

7. Constitutional Law — Constitutional Rights — Licenses — Official's Discretion.

> A licensing law which makes the peaceful enjoyment of constitutionally-guaranteed freedoms contingent upon the uncontrolled will of an official by requiring the license and by permitting the official to grant or withhold the license on his discretion is unconstitutional.

8. Constitutional Law — Free Speech — Coin-Operated Movie Machines — Licenses — Objective Standards.

> City ordinance which made the issuance of a license to install coin-operated movie machines dependent upon the applicant's being a "suitable person," "of good moral character," and "a law-abiding citizen" was unconstitutional, because the ordinance lacked the precision required of laws which have a restrictive effect upon First Amendment rights and, thus made the exercise of constitutional rights dependent upon the discretion of the licensing authority (US Const, Am 1).

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 October 8, 1970, at Detroit. (Docket No. 7264.)   Decided February 15, 1971.

Complaint by Sam Soof, Jr., and Ronald Mazellis, doing business as Uptown Book Store, and by Automated Vending Company, against the City of Highland Park and its officers for a writ of superintending control or of *mandamus* to compel issuance of a license to install a coin-operated motion picture machine.   Relief denied.   Plaintiffs appeal.   Reversed.

*Losh, Losh & Taylor,* for plaintiff.

*George W. Moore,* City Attorney, for defendant.

Before: LESINSKI, C. J., and BRONSON and ENGEL,[*] JJ.

BRONSON, J.   Sam Soof, Jr., and Ronald Mazellis are engaged in a business partnership under the name of Uptown Book Store, an establishment located in Highland Park, Michigan.   Plaintiffs, in accordance with the city ordinance, applied for a license to install four coin-operated motion picture devices on their premises.   The application for a license was denied by the city council, and plaintiffs brought an action in Wayne County Circuit Court challenging the constitutionality of the ordinance.   The circuit court upheld the constitutionality of the ordinance, as well as the denial of plaintiffs' application for a license.   Plaintiffs appeal.

The ordinance[1] in question provides, in part:

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] Highland Park Ordinance No 765.

"An ordinance to license and regulate coin operated mechanical music devices and motion picture machines; the distributors and owners or proprietors of establishments where such machines are placed for operation, and to provide a penalty for the violation thereof.

\* \* \*

"Section 4. \* \* \* All applications when properly made and sworn to shall be filed with the city clerk, and he shall promptly refer the same to the chief of police who shall submit his written report and recommendation to the city council within a reasonable time. If the city council is satisfied that the applicant is a suitable person to carry on the business for which a license has been requested; that the applicant has not been convicted of violating any of the provisions of this ordinance, the laws of the State of Michigan or the laws of the United States; has a good moral character and is a law abiding citizen, it shall authorize the issuance of the license applied for.

\* \* \*

"Section 12. Any violation of or failure to comply with the provisions or requirements of this ordinance shall be punished by a fine not to exceed five hundred ($500.00) dollars and costs of prosecution, or by imprisonment not to exceed ninety (90) days, or by both such fine and imprisonment in the discretion of the court."

The Highland Park City Council originally denied the plaintiffs' application for the following reasons:

"Whereas, the council has concluded that the proposed location is not suitable for the placing of such machines, that persons under 18 years of age are permitted in the establishment and are likely to congregate there and use the machines; that the granting of the applications [for] such machines, would add to the general blight and deterioration

of the commercial businesses of the neighborhood; would be likely to encourage the congregating of groups of persons in and about the business, cause additional police problems and otherwise would be contrary to the health, safety and welfare of the city and the best interest of the people thereof".

At the initial hearing of plaintiffs' action in Wayne County Circuit Court, the court requested that the application be sent back to the Highland Park City Council pending a report and recommendation from the Chief of Police of that municipality. The report submitted by the Chief of Police recommended that the application be denied. Subsequent to the receipt of the officer's report, the city council again denied the plaintiffs' action:

"Whereas, after due deliberation and consideration of all the factors concerned in the proposed licensing of four coin operated motion picture machines at the Uptown Book Store, 16541 Woodward Avenue, Highland Park, Michigan, it is the conclusion of this council that the applications should be denied for the following reasons:

"(a) The applicant Sam Soof, Jr., has been convicted of a violation of the criminal statutes of the State of Michigan.

"(b) The nature of the business as presently conducted is conducive of [sic] assemblies of large numbers of loiterers in and about the premises, and has been the source of numerous complaints that persons of questionable moral character are attracted to the store and to the adjacent area.

"(c) That the premises presently fail to meet the health and safety requirements of the city and state, as set forth in detail in the report and recommendation of the Chief of Police, and the said premises constitute a fire and safety hazard, not only to the premises and persons therein, but to the surrounding adjacent premises.

"(d) That the council is satisfied that the business as conducted is detrimental to the interests of the public.

"(e) That the addition of the proposed four coin operated movie machines would aggravate and increase all of the presently existing safety hazards and the problems of enforcement of the codes and ordinances of the city and laws of the state in and about the premises.

"Now, therefore, be it resolved that the applications for coin operated amusement devices by Sam Soof, Jr., and Ronald J. Marzelas [*sic*] and Automated Vending Company be and are hereby denied."

Plaintiffs challenge the constitutionality of the ordinance, alleging *inter alia* that the ordinance is unconstitutionally vague, its standards arbitrary, and that it bestows unbridled discretionary power on the City Council in determining who shall and who shall not obtain a license.

The principal issues to be determined by this Court are whether a municipality is prohibited from requiring that a license be obtained before the installation of coin-operated motion picture machines; and, if no constitutional inhibition exists for the licensing requirement, whether the instant ordinance, as drafted, provides an unconstitutional restraint upon First Amendment rights of freedom of speech and press.

Any statute or ordinance which subjects the exercise of freedom of speech or press to a license requirement must be suspect, because of its possible "chilling" effect upon First Amendment rights. See *Staub* v. *City of Baxley* (1958), 355 US 313 (78 S Ct 277, 2 L Ed 2d 302). See, also, Anno: Right of Free Speech, 93 L Ed 1151, 1180; 2 L Ed 2d 1706, 1720; 11 L Ed 2d 1116, 1146; 16 L Ed 2d 1053, 1071; 21 L Ed 2d 976, 1008.

It can no longer be questioned that expression by means of motion pictures is included within the First Amendment guarantees of freedom of speech and press. *Joseph Burstyn, Inc.* v. *Wilson* (1952), 343 US 495 (72 S Ct 777, 96 L Ed 1098). Likewise, the fact that communication may be conducted in a business setting with a profit motive does not dilute the constitutional protection afforded these rights. *New York Times Co.* v. *Sullivan* (1964), 376 US 254 (84 S Ct 710, 11 L Ed 2d 686). In view of existing case law, it would seem to be an anomaly for this Court to attempt to distinguish a motion picture operation from a coin-operated movie machine. Both forms of expression are entitled to the mantle of First Amendment protections.

The fact that plaintiffs seek to exercise First Amendment rights does not prohibit the municipality from imposing regulations under its police power. The regulations must, however, have a substantial relationship to the public health, safety, morals, or welfare. The commercial entrepreneur can legitimately be subjected to license regulations which, for example, require a reasonable and nonconfiscatory license fee to provide additional revenue to offset increased municipal expenses resulting from the licensee's operation. Likewise, regulations which require that the licensee's business premises comply with health, safety, and fire laws, and which provide means for inspection to assure compliance, would unquestionably be deemed reasonable.

Although some of the reasons presented by the city council as the basis for denying plaintiffs' application for a license might, if valid, be reasonably related to legitimate police powers, we note that few of the reasons are based upon the enumerated standards contained in the ordinance. Likewise, in

view of testimony presented, as well as the lower court record, this Court cannot ignore the genuine concern illustrated by the city council and the trial court regarding the type of literature presently sold by the plaintiffs at their bookstore, as well as the general content of the movies which plaintiffs intend to present in their coin-operated machines.

The United States Supreme Court has not been hesitant in declaring laws to be unconstitutional which restrict First Amendment rights without providing precise and objective standards to guide the authorities responsible for licensing the desired activity. *E.g., Interstate Circuit, Inc.* v. *City of Dallas* (1968), 390 US 676 (88 S Ct 1298, 20 L Ed 2d 225); *Staub* v. *City of Baxley* (1958), 355 US 313 (78 S Ct 277, 2 L Ed 2d 302); *Cantwell* v. *Connecticut* (1940), 310 US 296 (60 S Ct 900, 84 L Ed 1213).

In *Staub* v. *City of Baxley, supra,* the Court stated, at 322:

"It is settled by a long line of recent decisions of this Court that an ordinance which, like this one, makes the peaceful enjoyment of freedoms which the Constitution guarantees *contingent upon the uncontrolled will of an official—as by requiring a permit or license which may be granted or withheld in the discretion of such official—is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms.*" (Emphasis added.)

In the area of First Amendment rights, "[p]recision of regulation must be the touchstone." *NAACP* v. *Button* (1963), 371 US 415, 438 (83 S Ct 328, 9 L Ed 2d 405). The standards set forth in the instant ordinance, such as "suitable person", "good moral character", and "law abiding citizen" reveal that the ordinance lacks the precision required of laws which have a restrictive effect upon First Amendment rights.

A licensing ordinance which lacks precise standards, and thus incapable of objective measurement, is inherently dangerous when First Amendment rights are involved because the exercise of these protected rights is made entirely dependent upon the discretion of the licensing authority. As such, the situation becomes fraught with the hazard that First Amendment rights of expression will be unconstitutionally restrained. See *Burton* v. *Municipal Court of the Los Angeles Judicial District of Los Angeles County* (1968), 68 Cal 2d 684 (441 P2d 281, 68 Cal Rptr 721).

It is unnecessary for this Court to consider the motives which induced the adoption of the instant ordinance. Suffice it to say that the ordinance, as drafted, lacks the precision required of an ordinance which restrains protected First Amendment rights. The discretion bestowed upon the authorities responsible for granting or denying a license under this ordinance is too profuse to satisfy constitutional requirements. Nor, can the constitutional defects be overcome simply because the ordinance exists under the semblance of regulation of business activity.

Having determined that the ordinance is unconstitutional on its face, we need not speculate as to whether the character of the plaintiffs or the condition of their business premises would be sufficient to warrant a denial of their application for a license under a properly-drafted ordinance. It is not within our province to draft legislation. We merely reiterate that any ordinance or statute which provides a prior restraint on First Amendment rights needs precise standards, capable of objective measurement. Additionally, the standards must bear a reasonable relation to legitimate police powers.

The judgment of the lower court is reversed, and Highland Park City Ordinance No 765 is declared to be unconstitutional on its face.

All concurred.